# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JOHNNY SHIVERS**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **2:06MJ00028**<br><br>Ben Galloway, AFD<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] admitted guilt to violation of charges  2 (as modified), 3-10 and 14-20  as alleged in the violation petition filed on  10/23/07 .

[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The court: [ ] revokes: [✔] modifies: [ ] continues under same conditions of supervision heretofore ordered on  4/28/06 .

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔] Charges  1 and 11-13  are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

2/21/08
Date of Imposition of Sentence

*/s/ Kimberly J. Mueller*

**KIMBERLY J. MUELLER**, United States Magistrate Judge
Name & Title of Judicial Officer

March 5, 2008.
Date

AO 245D-CAED (Rev. 3/04) Judgment in a Criminal Case for Revocation Sheet 1   Case 2:06-mj-00028-KJM   Document 31   Filed 03/06/08   Page 2 of 7

CASE NUMBER:      2:06CR00028                                    Judgment - Page 2 of 7
DEFENDANT:        JOHNNY SHIVERS

# ADDITIONAL VIOLATION

| Violation Number | Nature of Violation |
|---|---|
| 2 | The defendant failed to complete fifty (50) hours of community service by 11/1/06. |
| 3 | The defendant has not provided proof of enrollment in an alcohol education program, and was required to do so within thirty (30) days of judgment and sentencing. |
| 4 | On May 15, 2006, the defendant violated state law, to wit: California Vehicle Code, Section 22350, which prohibits speeding. |
| 5 | On May 15, 2006, the defendant also failed to provide proof of insurance, in violation of California Vehicle Code, Section 16028(a), |
| 6 | On May 15, 2006, the defendant failed to provide proof of registration, in violation of California Vehicle Code, Section 4454(a). |
| 7 | On August 7, 2006, the defendant violated state law, to wit: California Vehicle Code, Section 13365, which requires that a person appear for scheduled court appearances. |
| 8 | On September 24, 2006, the defendant violated state law, to wit: California Penal Code, Section 273a(a), which prohibits endangering the health or safety of a child. |
| 9 | On September 24, 2006, the defendant violated state law, to wit: California Vehicle Code, Section 23152(a), which prohibits driving under the influence of alcohol or drugs. |
| 10 | The defendant failed to notify the U.S. Attorney's Office within seventy-two hours of his arrest for the above offense. |
| 14 | The defendant failed to notify the U.S. Attorney's Office within seventy-two (72) hours of his arrest for the separate charged offenses on December 1, 2006. |
| 15 | On December 11, 2006, the defendant violated state law, to wit: California Vehicle Code, Section 23152(a), which prohibits driving a vehicle while under the influence of alcohol or drugs. |

| | |
|---|---|
| CASE NUMBER: | 2:06CR00028 |
| DEFENDANT: | JOHNNY SHIVERS |

Judgment - Page 3 of 7

| | |
|---|---|
| 16 | On December 11, 2006, the defendant drove with a measurable amount of alcohol in his system. |
| 17 | On December 11, 2006, the defendant violated state and federal law, to wit: California Health and Safety Code, Section 11375(b)(2) and Title 21, United States Code, Section 844(a), which prohibits possession of a controlled substance. |
| 18 | On December 11, 2006, the defendant violated state law, to wit: California Vehicle Code Section 14601.1, which prohibits driving with a license that has been suspended or revoked. |
| 19 | The defendant failed to notify the U.S. Attorney's Office within seventy-two (72) hours of his arrest for driving under the influence and possession of a controlled substance. |
| 20 | The defendant has failed to make any payments toward the fine of $450.00. |

# PROBATION

The defendant is hereby sentenced to a term of <u>6 months residential treatment at Gideon House, beginning immediately. Court Probation shall continue through the pending imposed term, through April 20, 2009</u>.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]   The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant ordered to continue treatment at the Gideon House for six months;

2. Mr. Spears, of Gideon House, ordered to provide monthly reports to the Court regarding defendant's progress; with reports sent to Magistrate Judge Kimberly J. Mueller, United States District Court, 501 I Street, Suite 8-230, Sacramento, CA 95814;

3. Mr. Spears, of Gideon House, ordered to give the Court immediate notice if defendant is in non-compliance with any aspect of the program at Gideon House;

4. Gideon House ordered to accommodate defendant in receiving medical attention for his shoulder condition; and

5. If Mr. Spears independently determines, based on his professional judgment, that defendant is eligible for early termination of residential treatment before the completion of six months, he shall notify the Court.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties  
Case 2:06-mj-00028-KJM   Document 31   Filed 03/06/08   Page 6 of 7

CASE NUMBER:     2:06CR00028                                                                                       Judgment - Page 6 of 7  
DEFENDANT:       JOHNNY SHIVERS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|          | Assessment | Fine              | Restitution |
|----------|-----------|-------------------|-------------|
| Totals:  | $ 0       | $ 370 (Balance Due) | $         |

[ ]  The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| TOTALS:           | $ __            | $ __                    |                            |

[]  Restitution amount ordered pursuant to plea agreement $ __

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived for the      [ ] fine      [ ] restitution

    [ ]  The interest requirement for the      [ ] fine   [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| CASE NUMBER: 2:06CR00028 | Judgment - Page 7 of 7 |
| DEFENDANT: JOHNNY SHIVERS | |

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** [ ] Lump sum payment of $ __ due immediately, balance due

    [ ] not later than __ , or
    [ ] in accordance with    [ ] C,    [ ] D,    [ ] E, or    [ ] F below; or

**B** [✔] Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [✔] F below); or

**C** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [✔] Special instructions regarding the payment of criminal monetary penalties: Defendant to pay $50 per month, as long as he is receiving SSI benefits, with full payment of the balance owing of $370.00 to be completed by 4/20/2009.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including costs of prosecution and court costs.